## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Bankruptcy No. 14-43062** |
| **IMPERIAL AUTO PROTECTION, LLC,** | ) | **Hon. Kathy A. Surratt-States** |
| | ) | **Chapter 11** |
| Debtor. | ) | **Adversary No. 14-04075** |
| | ) | |
| In re: | ) | |
| | ) | **Bankruptcy No. 14-43063** |
| **ROYAL AUTO PROTECTION, LLC,** | ) | **Hon. Kathy A. Surratt-States** |
| | ) | **Chapter 11** |
| Debtor. | ) | **Adversary No. 14-04076** |

## PETITIONER HAGAN'S MOTION TO ABSTAIN, OR IN ALTERNATIVE, MOTION TO REMAND

Pursuant to 28 USC §1334(c), Petitioner Richard Hagan, Plaintiff in the removed state court action ("Petitioner Hagan"), moves this Court to abstain from hearing the removed state court action, and/or in the alternative, Petitioner moves this Court to remand the removed state court action back to the Circuit Court of St. Charles County, State of Missouri pursuant to 28 USC §1452(b), 28 U.S.C. §157(d), Rule 9027(d) and Rule 9014 of the Federal Rules of Bankruptcy Procedure. In support of his motions in this regard, Petitioner Hagan states as follows:

1.     Petitioner Hagan is and at all times relevant herein was, an individual residing in St. Charles County, State of Missouri and a member of Plaintiffs Imperial Auto Protection, LLC, Royal Auto Protection, LLC, and Gateway Auto Protection, LLC.

2.     Debtor Imperial Auto Protection, LLC ("IAP") is, and at all times relevant herein was, a closely-held, member-managed limited liability company organized and existing pursuant to the laws of the State of Missouri, engaged in the business of selling

1

vehicle service agreements and/or extended service warranty plans to consumers in all states except Washington, Oregon and California.

3.      Debtor Royal Auto Protection, LLC ("RAP") is, and at all times relevant herein was, a closely held, member-managed limited liability company organized and existing pursuant to the laws of the State of Illinois, engaged in the business of selling vehicle service agreements and/or extended service warranty plans to consumers in the State of California.

4.      Defendant Sherry Lynn Nelson ("Defendant Nelson") is, and at all times relevant herein was, an individual residing in St. Charles County, State of Missouri, and a member of IAP and RAP.

5.      Defendant Christopher Patrick Senn ("Defendant Senn") is, and at all times relevant herein was, an individual residing in St. Charles County, State of Missouri, and a member of IAP and RAP.

6.      Petitioner Hagan, Defendant Nelson and Defendant Senn, each possess an equal one-third membership interest in IAP, and Petitioner Hagan, Defendant Nelson and Defendant Senn, each possess an equal one-third membership interest in RAP.

7.      On or about February 14, 2014, and without the consent, knowledge or approval of Petitioner Hagan, Defendant Nelson and Defendant Senn executed a $200,000.00 personal Line of Credit Promissory Note and Agreement ("the Note"), a true and accurate copy of which is attached hereto and incorporated herein as **Exhibit 1**, wherein Defendant Nelson and Defendant Senn, jointly and severally promised to pay one of IAP's administrators, American Auto Shield, LLC ("AAS") the principal sum of

2

$200,000.00, or such sums disbursed to, or for the benefit of Defendant Nelson and Defendant Senn, and Defendant Nelson and Senn agreed to cause IAP to execute a guaranty of their personal obligations under the Note.

8.      On or about February 14, 2014, and without the consent, knowledge or approval of Petitioner Hagan, Defendant Nelson and Defendant Senn executed a Guaranty and Security Agreement ("**the Guaranty**"), a true and accurate copy of which is attached hereto and incorporated herein as **Exhibit 2**, wherein Defendant Nelson and Defendant Senn caused IAP and RAP to unconditionally guarantee their personal obligations to repay the Note.

9.      On or about February 19, 2014, and specifically while Petitioner Hagan was away on a previously scheduled out-of-state vacation, and specifically without the knowledge, consent or approval of Petitioner Hagan, Defendant Nelson and Defendant Senn:

        (a)      locked Petitioner Hagan out of and denied Petitioner Hagan access to IAP and RAP's respective email, phone, camera and point of sale software systems;

        (b)      drained and/or closed all existing bank accounts in the name of IAP and RAP;

        (c)      secretly convened a meeting of all of the employees of IAP and RAP at the offices of IAP and told them, among other things, that Petitioner Hagan had been voted out, instructed them not to have any contact whatsoever with Petitioner Hagan, and threatened to terminate the employment of any employee who violated such instruction;

3

(d)    told vendors and administrators of IAP and RAP that Petitioner Hagan was no longer involved in the management or operations of IAP and RAP;

10.    On or about February 20, 2014, Defendant Nelson and Defendant Senn caused written notices to be mailed to Petitioner Hagan's residence, which advised, among other things, that they were calling a meeting of the members of IAP and RAP during the evening hours of Wednesday, February 26, 2014, at which time they would call for a vote to remove Petitioner Hagan from any and all positions except for owner.

11.    On February 26, 2014, Petitioner Hagan filed a Verified Petition with the Circuit Court of St. Charles County, State of Missouri, which included derivative claims filed on behalf of IAP and RAP against Defendant Nelson and Defendant Senn, as well as claims of breach of fiduciary duty for the fraudulent, illegal and oppressive conduct and defalcations committed by Defendant Nelson and Defendant Senn, to the serious harm and detriment of Petitioner Hagan, IAP and RAP. The Verified Petition included alternative counts for injunctive relief on behalf of IAP and RAP; the judicial dissolution of IAP and RAP; breaches of fiduciary duties; breaches of covenant and fair dealing, conversion and diversion of assets; appointment of a receiver; an accounting; and judicial determination of fair valuation and sale of membership interest in IAP and RAP.

12.    On March 3, 2014, Daniel Herren, an attorney in the law firm of Herren, Dare & Streett, advised Petitioner Hagan's counsel that he represented Defendant Nelson and Defendant Senn and that he was accepting service of the Verified Petition on their behalf, and subsequently on March 7, 2014, Daniel Herren and David Streett filed an

4

Entry of Appearance on behalf of Defendant Nelson and Defendant Senn, a true and accurate copy of which is attached hereto as **Exhibit 3**.

13.    On March 12, 2014, Petitioner Hagan filed a Motion for Temporary Restraining Order against Defendant Nelson and Defendant Senn, wherein Petitioner Hagan requested the Court, among other things, to:

(a)    enjoin Defendant Nelson and Defendant Senn making any expenditure from or of any of IAP's and/or RAP's funds and/or entering into any transaction for or on behalf of any of IAP and RAP, or from incurring any debt or liability for IAP and RAP, without the advice, consent and written approval of Petitioner Hagan;

(b)    enjoin Defendant Nelson and Defendant Senn interfering with, blocking, or intercepting Petitioner Hagan's access to the Companies' respective email, phone, camera and/or point-of-sale software systems, and further requiring Respondents to provide keys, passwords and/or access codes to Petitioner Hagan and/or change the locks and access codes to their original settings so as to afford Petitioner Hagan access to all of the property and premises of the Companies;

(c)    enjoin Defendant Nelson and Defendant Senn interfering with, blocking, or intercepting Petitioner Hagan's access to the Companies' respective business office(s), books, records and all other documents and/or information to which Petitioner, as a member is entitled;

(d)    order Defendant Nelson and Defendant Senn to immediately cause IAP and RAP to pay Petitioner Hagan compensation;

5

(e)     order Defendant Nelson and Defendant Senn to immediately add Petitioner Hagan as an authorized signatory on all financial accounts presently opened and/or to be opened in the names of IAP and/or RAP;

(f)     order Defendant Nelson and Defendant Senn to provide a full accounting.

14.     On March 14, 2014, the Circuit Court of St. Charles County, State of Missouri, the Honorable Jon Cunningham, granted Petitioner Hagan's Motion for Temporary Restraining Order and entered a Temporary Restraining Order, a true and accurate copy of which is attached hereto and incorporated herein as **Exhibit 4**.

15.     On March 14, 2014, Petitioner Hagan tendered $5,000 in cash to the Circuit Court of St. Charles County, Missouri as and for the bond prescribed by the Court's Temporary Restraining Order.

16.     On April 1, 2014, a preliminary injunction hearing was held in Division 5 of the Circuit Court of St. Charles County, State of Missouri, the Honorable Jon Cunningham presiding, during which time, Petitioner Hagan, Defendant Nelson and Defendant Senn personally appeared, testified and were subjected to cross-examination and approximately sixty (60) exhibits were admitted into evidence by the Court.  The preliminary injunction hearing commenced at approximately 9:00 a.m. and ended at approximately 4:30 p.m. on April 1, 2014.  Daniel Herren and David Streett appeared as counsel for Defendant Nelson and Defendant Senn at the preliminary injunction hearing and participated in the preliminary injunction hearing.

17.     On April 8, 2014, the Circuit Court of St. Charles County, State of Missouri, the Honorable Jon Cunningham presiding, entered a Preliminary Injunction Order in favor of Petitioner Hagan and against Defendant Nelson and Defendant Senn, a true and accurate copy of which is attached hereto and incorporated herein as **Exhibit 5**.

18.     Paragraph F of the Court's Preliminary Injunction Order ordered Respondents to "immediately cause Imperial Auto Protection, LLC to pay Petitioner Hagan the sum of Ten Thousand Dollars ($10,000.00) per month retroactive to February 14, 2014," and further ordered Respondents to "immediately cause Royal Auto Protection, LLC to pay Petitioner Hagan the sum of Ten Thousand Dollars ($10,000.00) per month retroactive to February 14, 2014."

19.     Paragraph A of the Court's Preliminary Injunction Order enjoined Respondents from taking or making "[a]ny extraordinary action or expense … on or after the date of this Order [without] the prior written consent of Petitioner Hagan or the prior approval of [the state] Court upon notice to the parties and their respective counsel," and the paragraph A of the Preliminary Injunction Order defined "extraordinary action or expense" as "any action or expense not done in the regular course of business of the Companies and/or not regularly incurred in the regular course of business of the Companies before January 31, 2014."

20.     Defendant Nelson and Defendant Senn violated paragraph F of the Preliminary Injunction Order by failing and refusing to permit either IAP or RAP to pay any sum of money to Petitioner Hagan following the Preliminary Injunction Order, while

at the same time, Defendants caused IAP and RAP to pay Defendants on or about April 15, 2014.

21.   On April 15, 2014, Petitioner Hagan received a Notice from Defendants advising that the members of IAP intended to convene a meeting on the morning of April 21, 2014 "to consider and vote upon whether Imperial Auto Protection, LLC should engage David Dare as bankruptcy counsel and whether Imperial Auto Protection, LLC, should file for bankruptcy, seek the protection of the bankruptcy code and courts, and seek reorganization under Chapter 11 of the United States Bankruptcy Code." A true and accurate copy of the Notice in this regard is attached hereto and incorporated herein as **Exhibit 6.**

22.   On April 15, 2014, Petitioner Hagan received a Notice from Defendants advising that the members of RAP intended to convene a meeting on the morning of April 21, 2014 "to consider and vote upon whether Royal Auto Protection, LLC should engage David Dare as bankruptcy counsel and whether Royal Auto Protection, LLC, should file for bankruptcy, seek the protection of the bankruptcy code and courts, and seek reorganization under Chapter 11 of the United States Bankruptcy Code." A true and accurate copy of the Notice in this regard is attached hereto and incorporated herein as **Exhibit 7.**

23.   On April 16, 2014, Petitioner Hagan filed a Motion for Contempt with respect to Defendants' violation of Paragraph F of the Preliminary Injunction Order. A true and accurate copy of said Motion for Contempt is attached hereto and incorporated herein as **Exhibit 8.**

24.     On April 16, 2014, Petitioner Hagan filed a Motion for Temporary Restraining Order with respect to Defendants' anticipated violation of Paragraph A of the Preliminary Injunction Order by proceeding to cause IAP and RAP to retain David Dare as bankruptcy counsel and further authorize him to file petitions for bankruptcy on behalf of IAP and RAP without obtaining Petitioner Hagan's consent and/or without obtaining the state Court's prior approval. A true and accurate copy of said Motion for Temporary Restraining Order is attached hereto and incorporated herein as **Exhibit 9**.

25.     On April 16, 2014, counsel for Defendants received via the Court's electronic notification system copies of Petitioner Hagan's Motion for Contempt and Motion for Temporary Restraining Order along with a notice of hearing that said motions were scheduled for hearing on Friday, April 18, 2014 at 9:00 a.m. in Division 5 of the Circuit Court of St. Charles County, Missouri. A true and accurate copy of the Notice of Hearing is attached hereto as **Exhibit 10**.

26.     On April 18, 2014 at approximately 8:30 a.m., attorney Rob Schulz appeared in Division 5 of the Circuit Court of St. Charles County, Missouri and orally advised that David Dare had filed petitions for bankruptcy on behalf of IAP and RAP the prior evening and advised that he would be filing a Suggestion of Bankruptcy. Approximately an hour and half later, Mr. Schultz informed Judge Cunningham that in addition to filing petitions for bankruptcy on behalf of IAP and RAP, attorney David Dare had filed a removal of Cause No. 1411-CC-00180 to the United States Bankruptcy Court for the Eastern District of Missouri, but he further advised the Court that he did not have a copy of any of the bankruptcy filings with him.

27.     Upon these advisements, Judge Cunningham entered an Order, a true and accurate copy of which is attached hereto and incorporated herein as **Exhibit 11**.

### This Court is required to remand Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, Missouri pursuant to 28 U.S.C. §1334(c)(2)

28.     28 U.S.C. §1334(c)(2) requires a federal district court to abstain if: (1) a timely motion is made; (2) the proceeding is based on a state law claim or cause of action; (3) the basis for removal is "related to" jurisdiction; (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the proceeding has already commenced in state court; and (6) the action can be timely adjudicated in state court. *Minn. Life Ins. Co. v. Credit Suisse First Boston Mort. Sec. Corp., 2013 U.S. Dist. LEXIS 27031, *4-5 (D. Minn. 2013), citing In re Mo. Properties, Ltd., 211 B.R. 914, 920 (W.D. Mo. 1996). See also Official Plan Cmte. Of Omniplex Comm. Group, LLC, v. Lucent Tech., Inc., 344 F.Supp.2d 1194, 1198-99 (E.D. Mo. 2004), and Nat'l Beef Leathers, LLC v. Prime Tanning Corp., 2011 U.S. Dist. LEXIS 31867, *6 (W.D. Mo. 2011)*

29.     The within motion to remand is timely insofar as it has been filed within less than 14 days since the date that the Notice of Removal was filed with this Court.

30.     Cause No. 1411-CC-00180 is a proceeding involving claims that are based upon Missouri state law.

31.     The basis for removal is "related to" jurisdiction and there is no dispute that Debtors IAP and RAP are not party defendants in Cause No. 1411-CC-00180.

32.     Furthermore, the only basis for original jurisdiction cited in the Notice of Removal is 28 U.S.C. §1334. See paragraph 5 of the Joint Notice of Removal.

33. It is undisputed that the removed matter, i.e. Cause No. 1411-CC-00180 was commenced prior to the bankruptcy cases which were filed on April 17, 2014.

34. The remand of Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, Missouri is the most efficient and equitable means of resolving the Missouri-based disputes, and those disputes can be timely adjudicated in Missouri state court. Prior to the April 17, 2014 bankruptcy petition filings, the Circuit Court of St. Charles County, Missouri had already conducted a preliminary injunction hearing, made findings of fact with regard to the merits of Petitioner Hagan's claims therein, issued a Temporary Restraining Order, and issued a Preliminary Injunction Order against Defendant Nelson and Defendant Senn. Moreover, the Circuit Court of St. Charles County, Missouri was poised to hear and rule upon Petitioner Hagan's Motion for Contempt and second filed Motion for Temporary Restraining Order against Defendant Nelson and Defendant Senn for their violations of the Preliminary Injunction Order when Defendant Nelson and Defendant Senn caused the bankruptcy cases to be filed in this Court and removed Cause No. 1411-CC-00180 to this Court.

**The Court should remand Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, Missouri on equitable grounds pursuant to 28 USC §1452(b)**

35. Pursuant to 28 USC §1452(b), this Court may remand Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, State of Missouri on any equitable ground.

36. In determining whether or not to remand removed matters pursuant to 28 USC §1452(b), courts consider the following 14 factors:

(1)    the   effect   or   lack   thereof   on   the   efficient administration of the estate if the Court recommends remand or abstention;

(2)    the extent to which state law issues predominate over bankruptcy issues;

(3)    the difficult or unsettled nature of applicable law;

(4)    the presence of a related proceeding commenced in state court or other nonbankruptcy proceedings;

(5)    the jurisdictional basis, if any, other than 28 U.S.C. §1334;

(6)    the degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7)    the substance rather than the form of an asserted core proceeding;

(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)    the burden on the bankruptcy court's docket;

(10)   the   likelihood   that   the   commencement   of   the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)   the existence of a right to a jury trial;

(12)   the presence in the proceeding of nondebtor parties;

(13)   comity; and

(14)   the possibility of prejudice to other parties in the action.

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).   *See also In re Wilson*, 2013 Bankr. LEXIS 3142, *3-4 (D.C. Aug. 5, 2013).

12

37.    Remand and/or abstention will not have any effect on this Court's ability to efficiently administrate the estate.

38.    All claims asserted by the parties in Cause Number 1411-CC-00180 involve issues of state law. Consequently, state law claims predominate over bankruptcy issues.

39.    Cause No. 1411-CC-00180 was commenced before the bankruptcy cases were filed on April 17, 2014.

40.    There is no basis for federal jurisdiction other than 28 U.S.C. §1334 involved with respect to the removed matters.

41.    Because Debtors IAP and RAP are nominal party plaintiffs in Cause Number 1411-CC-00180 upon whose behalf Petitioner Hagan is bringing derivative claims against Defendant Nelson and Defendant Senn, Cause No. 1411-CC-00180 is at most only remotely related to the bankruptcy proceedings.

42.    The state law claims being asserted in Cause No. 1411-CC-00180 are non-core proceedings and do not involve any claim against either Debtor IAP or Debtor RAP.

43.    Because the state law claims in Cause No. 1411-CC-00180 are asserted against Defendant Nelson and Defendant Senn, it is feasible to sever the state law claims from the core bankruptcy matters so as to allow judgments to be entered by this Court and the state court.

44.    The removal of Cause No. 1411-CC-00180, which consists entirely of state law claims, is a burden on this Court's bankruptcy docket.

13

45.    The timing and circumstances in which the filing for bankruptcy relief on behalf of IAP and RAP was made at the specific insistence of Defendant Nelson and Defendant Senn smack of forum shopping.   At the very least, the timing and circumstances the decision by Defendant Nelson and Defendant Senn to authorize the filing of bankruptcy relief on behalf of IAP nor RAP calls into question their motives in doing so.   The state Court entered a Preliminary Injunction Order on April 8, 2014 against Defendant Nelson and Defendant Senn.   Rather than complying with the Preliminary Injunction Order, Defendant Nelson and Defendant Senn sent out notices on April 15, 2014 advising that they would call a meeting of the members of IAP and RAP on April 21, 2014 to discuss and vote on whether bankruptcy should be filed on behalf of IAP and RAP.  On April 16, 2014, Petitioner Hagan filed a Motion for Contempt and a Motion for Temporary Restraining Order, seeking in part, to enjoin Defendant Senn and Defendant Nelson from authorizing the filing of any bankruptcy action on behalf of IAP and RAP unless Petitioner Hagan consented to such filing or unless the state Court agreed that such an extraordinary action was warranted pursuant to paragraph A of the state Court's Preliminary Injunction Order.   Petitioner Hagan's Motion for Contempt and Motion for Temporary Restraining Order in this regard were scheduled for hearing at 9:00 a.m. on Friday, April 18, 2014.  The petitions for bankruptcy on behalf of IAP and RAP were filed during the evening hours of April 17, 2014, the very eve before the hearings on a Motion for Contempt and a Motion for Temporary Restraining Order against Defendant Nelson and Defendant Senn were scheduled to occur in Cause No. 1411-CC-00180.   And, the Joint Notice of Removal was not in fact filed until the

14

morning of Friday, April 18, 2014, during the time that the hearings on Petitioner Hagan's Motion for Temporary Restraining Order and Petitioner Hagan's Motion for Contempt were scheduled to commence.

46.    Petitioner Hagan demanded a jury trial in Cause No. 1411-CC-00180, and he has a right to jury trial for the determination of his claims under Missouri state law.

47.    Petitioner Hagan, Defendant Nelson and Defendant Senn are not debtors and their presence as non-debtor parties in the pending Chapter 11 bankruptcy as a result of the removal is far from ideal.

48.    Comity dictates that Missouri courts should have the right to adjudicate exclusively state law claims involving Missouri-centric plaintiffs, Missouri-centric defendants, and Missouri-centric transactions, as is the case with respect to Cause No. 1411-CC-00180.  Missouri state courts have more expertise in interpreting Missouri state law relevant to the state law claims made by the parties in Cause No. 1411-CC-00180.

49.    Unless this Court remands Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, Missouri, Petitioner Hagan, as well as IAP and RAP, will be severely prejudiced insofar as Defendant Nelson and Defendant Senn will continue to engage in unilateral, illegal and fraudulent conduct that not only violates Missouri state law, the operating agreements of IAP and RAP and the state court's Preliminary Injunction Order, but such conduct will also result in irreparable injury, loss and damage to Petitioner Hagan, IAP and RAP.

50.    The following facts, whether considered alone and/or in combination with one another, constitute additional equitable ground(s) upon which this Court should

15

exercise its power pursuant to 28 USC §1452(b) to remand Cause No. 1411-CC-00180 back to the Circuit Court of St. Charles County, State of Missouri:

(a)     Debtors IAP and RAP are not party defendants in Cause No. 1411-CC-00180; instead Debtors IAP and RAP are party plaintiffs in Cause No. 1411-CC-00180, and their interests are being represented therein by Petitioner Hagan on derivative claims against Defendant Nelson and Defendant Senn for their fraudulent, illegal, and oppressive conduct that is injurious to Debtors IAP and RAP.

(b)     Prior to the bankruptcy filings, the Circuit Court of St. Charles County, State of Missouri, the Honorable Judge Cunningham, previously heard and received substantial evidence, including the testimony of Petitioner Hagan, Defendant Nelson and Defendant Senn, and based on such testimony and evidence, Judge Cunningham previously made factual determinations regarding the merits of Petitioner Hagan's claims against Defendant Nelson and Defendant Senn and entered a Preliminary Injunction Order in favor of Petitioner Hagan and against Defendant Nelson and Defendant Senn;

(c)     The conduct of Defendant Nelson and Defendant Senn in proceeding to retain David Dare as bankruptcy counsel for IAP and RAP and further authorizing David Dare to file bankruptcy petitions on behalf IAP and RAP on April 17, 2014 and to file a notice of removal on April 18, 2014 are willful and contumacious violations of paragraph A of Judge Cunningham's April 8, 2014 Preliminary Injunction Order insofar as Defendants' actions in this regard were done: (i) without first obtaining either Petitioner Hagan's consent or Judge Cunningham's consent in violation of paragraph A

16

of the Preliminary Injunction Order; (ii) with Defendants' full knowledge of Petitioner Hagan's pending Motion for Temporary Restraining Order which sought to enjoin Defendants from those very actions; (iii) with Defendants' specific intent to deprive Petitioner Hagan of an opportunity to present his Motion for Temporary Restraining Order and his Motion for Contempt to Judge Cunningham for hearing and ruling on April 18, 2014; and (iv) with Defendants' specific intent to deprive Judge Cunningham of the opportunity to hear and rule upon Petitioner Hagan's Motion for Contempt and Motion for Temporary Restraining Order on April 18, 2014;

(d)     During the preliminary injunction hearing, Judge Cunningham heard substantial evidence which at the very least questions whether any good faith basis or a basis in fact exists for the filing of bankruptcy relief on behalf of IAP and RAP, which includes but is not limited to, the admission into evidence: (i) profit and loss statements for IAP and RAP prepared by Defendant Nelson which indicate that IAP and RAP were operating at a net profit from January 2014 through March 2014; and (ii) the Note and the Guaranty, from which this Court may fairly conclude that AAS considered the solvency and creditworthiness of IAP and RAP to be sufficient so as to approve a personal loan of $200,000.00 to Defendant Nelson and Defendant Senn on February 14, 2014 and to accept the guaranty of IAP and RAP as collateral for said loan.

(e)     Defendant Nelson and Defendant Senn contumaciously and willfully violated paragraph A of the Preliminary Injunction Order by failing and refusing to cause IAP and RAP to pay monies owed to Petitioner Hagan while simultaneously causing IAP and RAP to pay each of the Defendants on or about April 15, 2014, and by also

17

withdrawing the sum of $50,000.00 from the bank accounts of IAP and RAP on April 17, 2014, only hours before their counsel, David Dare, filed petitions for bankruptcy with this Court, which withdrawals are reflected in group **Exhibit 12**, which is attached hereto and fully incorporated herein

       (f)    Evidence of the bad faith and/or questionable motives of Defendant Nelson and Defendant Senn in causing bankruptcy relief to be filed on behalf of IAP and RAP is further shown by their actions in: (i) abandoning their notices to call a meeting of the members of IAP and RAP on April 21, 2014 for the purpose of discussing and voting on whether to hire David Dare as bankruptcy counsel for IAP and RAP and whether to file bankruptcy petitions on behalf of IAP and RAP, and (ii) withdrawing the sum of $50,000.00 from the bank accounts of IAP and RAP on the afternoon of April 17, 2014 and paying said sums to themselves, just hours before the bankruptcy petitions were filed.

       (g)    Mo. Rev. Stat. §347.079 requires the consent of all members of a limited liability company to "[a]uthorize any transaction, agreement or action on behalf of the limited liability compan[ies] that is unrelated to [their] purpose as set forth in the articles of organization, that otherwise contravenes the operating agreement[s] or that is not within the usual course of the business of the limited liability company." Thus, Defendants' actions of retaining David Dare as bankruptcy counsel on behalf of IAP and RAP and/or authorizing the filing of petitions for bankruptcy relief on behalf of IAP and RAP without the consent of Petitioner Hagan violates Mo. Rev. Stat. §347.079;

       (h)    Mo. Rev. Stat. §347.083 requires the written consent of all members of a limited liability company in order to take an action or vote without a meeting, unless

the operating agreement provides otherwise. Article 6.2.7 of IAP and RAP's operating agreements permits actions to be taken without a meeting of the members only if such action is taken within ten (10) days after obtaining authorization by the written consents of all members. Thus, Defendants' actions in: (i) retaining David Dare as bankruptcy counsel on behalf of IAP and RAP, and (ii) authorizing David Dare to file petitions for bankruptcy relief on behalf of IAP and RAP, without first convening a meeting of the members and/or without first obtaining written consents of all members of IAP and RAP, specifically including Petitioner Hagan's written consent, violate Mo. Rev. Stat. §347.083 as well as Article 6.2.7 of IAP's and RAP's operating agreements.

(i)     There is a concurrent conflict of interest and/or an imputed conflict of interest under Rule 4-1.7 and Rule 4-1.9 of the Rules of Professional Conduct, respectively, which disqualifies David Dare from representing either IAP or RAP in any bankruptcy proceedings because IAP and RAP are Plaintiffs in Cause Number 1411-CC-00180 which have derivative claims against Defendant Nelson and Defendant Senn, and attorneys Daniel Herren and David Streett, who are partners of David Dare and practice with David Dare in the law firm of Herren, Dare and Street, are counsel for Defendant Nelson and Defendant Senn in Cause Number 1411-CC-00180.

DOSTERULLOM, LLC


By: /s/ Joy D. McMillen
    Joy D. McMillen, MBEN #42822
    Jeffrey B. Hunt, MBEN #33349
    16090 Swingley Ridge Road, Suite 620
    Chesterfield, Missouri 63017
    (636) 532-0042
    (636) 532-1082 Facsimile
    jmcmillen@dosterullom.com
    jhunt@dosterullom.com
        *Attorneys for Rick Hagan, acting individually
        and on behalf of Imperial Auto Protection LLC,
        Royal Auto Protection LLC, and Gateway Auto
        Protection LLC*


STONE, LEYTON & GERSHMAN
A Professional Corporation


By: /s/ E. Rebecca Case
    E. Rebecca Case – EDMO #38010MO, MO #38010
    Howard S. Smotkin - EDMO #36227MO, MO #36227
    Janice R. Valdez - EDMO #42154MO, MO #42154
    7733 Forsyth Boulevard, Suite 500
    St. Louis, Missouri 63105
    (314) 721-7011
    (314) 721-8660 Facsimile
    erc@stoneleyton.com
    hss@stoneleyton.com
    jrv@stoneleyton.com
        *Attorneys for Rick Hagan, acting individually
        and on behalf of Imperial Auto Protection LLC,
        Royal Auto Protection LLC, and Gateway Auto
        Protection LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via first class, United States mail, postage prepaid and/or electronic notice on April 28, 2014 to:

1.  Imperial Auto Protection LLC          Debtor
    1529 S. Old Hwy. 94
    Saint Charles, Missouri 63303

2.  Royal Auto Protection LLC             Debtor
    1529 S. Old Hwy. 94
    Saint Charles, Missouri 63303

3.  David M. Dare                         Attorneys for Debtor
    Herren, Dare & Streett
    1051 N. Harrison Avenue
    St. Louis, Missouri 63122

4.  Office of the United States Trustee
    Thomas F. Eagleton Courthouse
    111 South Tenth Street, Suite 6353
    St. Louis, Missouri 63102

5.  All creditors and parties in interest that are receiving electronic notice in this case.

E. Rebecca Case