IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No.: 14-43062-659 |
| | ) | **Honorable Kathy A. Surratt-States** |
| **IMPERIAL AUTO PROTECTION, LLC,** | ) | **Chapter 11 Proceeding** |
| et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: July 1, 2014 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Location:  Courtroom 7 North |
| | ) | Objection Deadline: June 30, 2014 |

## MOTION TO DISMISS DEBTORS' CHAPTER 11 CASES

COME NOW Debtors Imperial Auto Protection, LLC and Royal Auto Protection, LLC, by and through their attorneys, in connection with their Motion to Approve Compromise and Settlement (the "Settlement Motion") filed contemporaneously herewith, file this Motion to Dismiss Debtors' Chapter 11 Cases (the "Dismissal Motion") pursuant to 11 U.S.C. §1112 and Federal Rule of Bankruptcy Procedure 2002(a)(4) ("FRBP 2002(a)(4)") and in support thereof state the following:

1.      The United States Bankruptcy Court for the Eastern District of Missouri ("Court") has jurisdiction to hear this matter pursuant to 28 U.S.C. §§151, 157 and 1334.

2.      This is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(1) and 157(b)(2).

3.      On April 17, 2014 (the "Petition Date"), Debtors Imperial Auto Protection, LLC ("Imperial") and Royal Auto Protection, LLC ("Royal") filed separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (the "Bankruptcy Court").  (Imperial and Royal are also collectively referred to herein as the "Debtors").

4. On May 6, 2014, this Court entered its Order procedurally consolidating Debtors' Chapter 11 cases under Case No. 14-43062-659 (the "Bankruptcy Case-in-Chief").

5. No trustee or examiner has been appointed in the Bankruptcy Case-in-Chief; however, on June 4, 2014, Debtors filed a Motion for Order Appointing Examiner, which motion is set for hearing before this Court on June 25, 2014.

6. An official Unsecured Creditors Committee has been established in this case.

7. Debtor Imperial is a Missouri Limited Liability Company organized on January 17, 2012. Debtor Royal is an Illinois Limited Liability Company organized on February 13, 2013.

8. The members of Imperial and Royal are, and at all times relevant hereto have been, the same. Richard Hagan ("Mr. Hagan"), Sherry Nelson ("Mrs. Nelson") and Christopher Senn ("Mr. Senn") each own a 33⅓% interest in Imperial and Royal.

9. Michael Nelson ("Mr. Nelson") is an employee of Imperial and Royal.

10. The parties to adversary proceeding styled *Richard Hagan, et al. v. Michael Thomas Nelson, et al.* Adv. No. 14-4076 presently pending before this court are Mr. Hagan as the Plaintiff, and Mr. Nelson, Mrs. Nelson and Mr. Senn as the Defendants (the "Adversary Proceeding"). Mr. Hagan also purports to act derivatively on behalf of the Debtors as named Plaintiffs.

11. The Debtors, Mr. Hagan, Mr. Nelson, Mrs. Nelson and Mr. Senn are also parties to certain litigation initiated in the Circuit Court of St. Charles County, Missouri, Eleventh Judicial Circuit (the "State Court") on February 26, 2014 in the civil action styled *Richard Hagan, et al. v. Michael Thomas Nelson, et al.*, bearing cause No. 1411-CC-00180 (the "State Court Litigation").

12. The Debtors, Mr. Hagan, Mr. Nelson, Mrs. Nelson and Mr. Senn have agreed to a settlement (the "Settlement") of their claims and disputes related to these bankruptcy cases, the State Court Litigation and the Adversary Proceeding. The terms and conditions of the Settlement are contained in the Compromise and Settlement Agreement attached to the Settlement Motion as Exhibit "1."

13. In order to complete the transactions necessary to consummate the Settlement, Debtors needs to transfer assets that currently constitute property of their bankruptcy estates. Consequently, by this Dismissal Motion, Debtors are seeking entry of the following orders:

(a) an order approving the Dismissal Motion, which provides that (i) the Bankruptcy Case is dismissed in order to permit Debtors to take all actions necessary to consummate the Settlement, including, without limitation, to transfer assets that currently constitute property of their bankruptcy estates, (ii) the order shall only become effective upon entry of an order approving the Settlement Motion (the "Settlement Order") and (iii) the order approving the Motion shall be entered following payment of the Debtors' Administrative Costs and Expenses, including the legal fees and expenses of Debtors' bankruptcy attorneys and the fees and expenses due and owing to the Office of the United States Trustee and Debtors, Hagan and the Office of the United States Trustee have filed with the Clerk of the Court a Notice of Compliance.

14. On or before June 18, 2014, the Dismissal Motion was mailed and/or electronically served on the Debtors, the attorney for Mr. Nelson, Mrs. Nelson and Mr. Senn, Mr. Hagan, the attorney for Mr. Hagan, the Office of the United States Trustee, the attorney for the creditors' committee and all creditors or parties in interest that filed a Notice of Appearance and Request for Copies with the Clerk of the Court.

15. On or before June 18, 2014, the Notice of Hearing on the Dismissal Motion was mailed and/or electronically served on the Debtors, the attorney for Mr. Nelson, Mrs. Nelson and Mr. Senn, Mr. Hagan, the attorney for Mr. Hagan, the Office of the United States Trustee, the attorney for the creditors' committee and all creditors or parties in interest that filed a Notice of Appearance and Request for Copies with the Clerk of the Court, and all creditors or parties in interest pursuant to FRBP 2002(a)(4).

16. Any response or objection to the Dismissal Motion must be stated in writing and filed with the Clerk of the Court on or before June 30, 2014 and served upon the parties described in paragraph 14 above.

17. If no response or objection is timely filed and served, the Court may enter an order granting the Dismissal Motion at the scheduled hearing on July 1, 2014 at 10:00 a.m. in the United States Bankruptcy Court in St. Louis, Missouri.

18. The entry of an order on the Dismissal Motion is in the best interest of the Debtors, and all of the Debtors' creditors and parties in interest.

WHEREFORE, Debtors request that the Court:

A. Enter an order approving the Dismissal Motion (the "Order"), which provides that (i) the Bankruptcy Case is dismissed in order to permit Debtors to take all actions necessary to consummate the Settlement, including, without limitation, to transfer assets that currently constitute property of their bankruptcy estates, (ii) the Order shall only become effective upon entry of an order approving the Settlement Motion (the "Settlement Order"), and (iii) the Order shall be entered following:

    (1) payment of the Administrative Costs and Expenses, including the legal fees and expenses of the Debtors' bankruptcy attorneys and expenses due

4

and owing to the Office of the United States Trustee herein), have been consummated; and

 (2) Debtors, Hagan and the Office of the United States Trustee have filed with the Clerk of the Court a Notice of Compliance;

B. Grant such other and further relief as is proper in this case.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ *Robert E. Eggmann*
 ROBERT E. EGGMANN (#37374MO)
 THOMAS H. RISKE (#61838MO)
 7733 Forsyth Boulevard, Suite 2075
 St. Louis, Missouri 63105
 (314) 881-0800
 Fax No. (314) 881-0820
ATTORNEYS FOR DEBTORS
IMPERIAL AUTO PROTECTION, LLC
ROYAL AUTO PROTECTION, LLC